UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3637 PA (PDx) | Date | May 14, 2025 |
|---|---|---|---|
| Title | Jesse Banerjee v. Comprehensive Entertainment, LLC, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

On February 20, 2025, Plaintiff Jesse Banerjee ("Plaintiff"), proceeding pro se, filed a "Verified Petition for: Declaration of Nullity of Transfers, Judgment for Damages, Return of Trademark Rights, and Other Relief" pursuant to California Probate Code Section 850 in the Los Angeles Superior Court, Case No. 17STPB02593.  (Docket No. 1-1 ("Petition").)  According to the Petition, Plaintiff is the administrator of the estate of Somen Banerjee a/k/a Steven Banerjee (the "Decedent").  (Petition at pg. 4 & Ex. 5.)  The Petition seeks "the return of wrongfully and fraudulently misappropriated assets from the Decedent's estate[.]"  (Id. at pg. 2.)  Defendants Comprehensive Entertainment, LLC, Chippendales USA, LLC1, Joseph Giovanni, Gayle R. Berg, Laurence T. Roth, and Barry Ballen removed this action to federal court on April 24, 2025.

In federal court, "parties may plead and conduct their own cases personally or by counsel . . . ."  28 U.S.C. § 1654.  "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  Courts adhere to a "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."  Id.; see also L.R. 83-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear *pro se* for such purposes.  That representation may not be delegated to any other person . . . .").  This prohibition applies to non-attorney executors, administrators, and personal representatives seeking to represent a decedent's estate.  See id. at 666 (citing Jones v. Corr. Med. Servs., 401 F.3d 950, 951-52 (8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998) (administrator of estate may not appear pro se on behalf of estate); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997) (executrix may not appear pro se on behalf of estate)).

Because Plaintiff may not pursue Decedent's claims on behalf of the estate pro se, the Court orders him to show cause in writing why this action should not be dismissed without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3637 PA (PDx) | Date | May 14, 2025 |
|---|---|---|---|
| Title | Jesse Banerjee v. Comprehensive Entertainment, LLC, et al. | | |

prejudice.  Plaintiff's response to the Order to Show Cause shall be filed by no later than **June 9, 2025**.  A Notice of Appearance from an attorney licensed to practice law in California by that date shall be deemed a sufficient response to the Order to Show Cause.  The failure to respond, or to respond sufficiently, to the Order to Show Cause by June 9, 2025, may, without further warning, result in the dismissal of this action without prejudice.

IT IS SO ORDERED.