JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3637 PA (PDx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Jesse Banerjee v. Comprehensive Entertainment, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendants Comprehensive Entertainment, LLC; Chippendales USA, LLC1; Joseph Giovanni; Gayle R. Berg; Laurence T. Roth and Barry Ballen (collectively "Removing Defendants"). (Docket No. 1 ("NOR").) Removing Defendants seek to remove plaintiff Jesse Banerjee's ("Plaintiff") pleading, titled "Administrator Jesse Banerjee's Verified Petition For: Declaration of Nullity of Transfers, Judgment for Damages, Return of Trademark Rights, and Other Relief" (the "Petition"), filed in Los Angeles County Superior Court in pending case In re: Banerjee Somen, Case No. 17STPB02593 (the "State Court Action"). In the Petition, Plaintiff identifies himself as the administrator of the estate of decedent Somen Banerjee ("Decedent") and asserts claims on behalf of Decedent under the California Probate Code. Removing Defendants contend that this Court possesses diversity jurisdiction over this action. See 28 U.S.C. § 1332. For the reasons stated below, the Court finds that Removing Defendants have failed to plausibly allege that this Court has subject matter jurisdiction over this action.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendants must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3637 PA (PDx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Jesse Banerjee v. Comprehensive Entertainment, LLC, et al. | | |

Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). For purposes of diversity jurisdiction, the legal representative of a decedent's estate is deemed to be a citizen only of the same state as the decedent. 28 U.S.C. § 1332(c)(2).

Here, the NOR alleges that Decedent was a citizen of California and that Plaintiff is therefore deemed to be a citizen of California. (NOR ¶ 19.) The NOR also alleges the citizenship of each defendant. (See id. ¶¶ 20–30.) In particular, the NOR alleges that two of the defendants, Helen and Bradley Maryman (jointly the "Marymans"), are also citizens of California. (Id. ¶¶ 29–30.) However, Removing Defendants argue in the NOR that these non-diverse defendants are fraudulently joined and that their citizenship should therefore be disregarded for purposes of establishing diversity jurisdiction. (See id. ¶¶ 31–37.)

There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067. "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3637 PA (PDx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Jesse Banerjee v. Comprehensive Entertainment, LLC, et al. | | |

against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the courts must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal quotations omitted).

Here, Removing Defendants argue that the Marymans are fraudulently joined in this action because Plaintiff is unable to state a cause of action against them. Removing Defendants explain that the Petition in this action is similar to one that Plaintiff filed against Chippendales USA LLC in the State Court Action in 2023 (the "First Petition"). The First Petition was removed to this Court in May 2023, in Banerjee v. Chippendales USA LLC, No. 2:23-cv-3676-PA-BFM (the "Prior Action"). (See NOR ¶ 2.) In the Prior Action, the Court dismissed the First Petition without leave to amend in August 2023, concluding that the claims in the First Petition were insufficiently pled and were time-barred. (See Prior Action, Docket No. 41.) Removing Defendants argue that in this action, the Petition fails to state a claim against the Marymans because it merely repeats and recycles the same facts that were deemed untimely in the First Petition. (See NOR ¶ 32.) Removing Defendants also argue that Plaintiff's claims against the Marymans are barred under the doctrine of issue preclusion. (See id. ¶¶ 33–37.)

Issue preclusion, also known as collateral estoppel, "bars the relitigation of issues actually adjudicated in previous litigation." Janjua v. Neufeld, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992)). For issue preclusion to apply, four conditions must be met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." Id. (quoting Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012), as amended (May 3, 2012)). An issue is "actually litigated" for when it "is raised, contested, and submitted for determination." Id. at 1066 (citing Restatement (Second) of Judgments § 27, cmt. (d) (1982)).

In the First Petition, Plaintiff alleged that Decedent retained ownership of the Chippendales trademark up until his death, but that Decedent's wife, Irene Banerjee, fraudulently sold the Chippendales trademark to CLP Tours LTD in 1994. The First Petition also alleged several subsequent transfers of ownership of the Chippendales trademark following the alleged fraudulent sale. (See Prior Action, Docket No. 1-1.) The First Petition also included vague allegations implicating Helen Maryman; for example, the prior petition alleged that Helen

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3637 PA (PDx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Jesse Banerjee v. Comprehensive Entertainment, LLC, et al. | | |

Maryman had "in bad faith wrongfully taken, concealed, or disposed of Chippendales belonging to the estate of Somen Banerjee" and that and attorney for CLP Tour LTD had "helped Helen steal petitioner's inheritance money into Helen Maryman's . . . and her husband's bank account in Luxembourg." (Id. ¶¶ 17, 25.) However, neither of the Marymans were named as defendants in the First Petition. The First Petition asserted claims under Probate Code Sections 850 to 859, and the relief sought related to the Chippendales trademark; specifically, Plaintiff sought an order "upholding the decision of the USPTO to the effect that the purchase of the Chippendales trademark was fraudulent," concluding that the Chippendales trademark had been fraudulently sold, and ordering the "return [of the trademark] to the estate." (See id. at pg. 2.) In dismissing the First Petition, the Court concluded that the First Petition failed to sufficiently state a cause of action for fraudulent transfer and that Petitioner's claim to any ownership of the Chippendales trademark was time-barred. (See Prior Action, Docket No. 41 at pgs. 3–6.)

Similar to the First Petition, the Petition in this case asserts a claim under Probate Code Section 850 and repeats many of the same allegations regarding the alleged fraudulent transfer of the Chippendales trademark. However, the Petition differs from the First Petition in several respects. Relevant here, the Petition names the Marymans as defendants and alleges facts against them not included in the First Petition, including an allegation that they "engaged in a calculated and deliberate scheme to transfer highly valuable assets of the estate of Somen Banerjee. These assets include, but at not limited to, the Chippendales trademark <u>and significant real property holdings</u>." (Petition at pg. 36 (emphasis added).)[1] The Petition also asserts a claim against the Marymans for breach of fiduciary duty, alleging that by engaging in "unauthorized transactions involving estate assets . . . without court approval or the consent of the rightful heirs," and "transferring or dissipating assets for their personal benefit" from Decedent's estate, the Marymans breached fiduciary duties owed under California Probate Code §§ 16000 & 16006.[2] (See id. at pgs. 37–38.) No such claim was asserted in the First Petition.

While Plaintiff's claims related to the alleged fraudulent transfer of the Chippendales trademark appear to be duplicative of those asserted in the First Petition, Removing Defendants have not shown that the non-diverse defendants are fraudulently joined in this action. First,

---

[1]   The Petition does not specify what the "significant real property holdings" are but appears to allege that this property including certain business revenue streams. (See id. at pg. 6.)

[2]   The Petition also claims that the Marymans' actions amounted to malice, fraud, and oppression, and that Plaintiff is therefore entitled to punitive damages under California Civil Code § 3294. (See id. at pg. 38.)

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3637 PA (PDx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Jesse Banerjee v. Comprehensive Entertainment, LLC, et al. | | |

contrary to Removing Defendants' assertion, the Petition does not merely allege the "very same facts that were deemed untimely" in the Prior Action. Rather, the Petition names the Marymans as defendants for the first time and alleges new facts regarding their transfer not only of the Chippendales trademark but of other real property. Second, the Petition asserts a claim against the Marymans that was not asserted in the First Petition. The NOR fails to establish that either of these issues were "raised, contested, and submitted for determination" in the Prior Action. Janjua, 933 F.3d at 1066 (citation omitted). As such, the NOR fails to show that the conditions for issue preclusion to apply are met in this case. See id. at 1065–66. Moreover, even if Removing Defendants had established that the Petition fails to state a viable or timely claim against the Marymans, Removing Defendants' fraudulent joinder argument still fails because, based on the current record, the Court cannot conclude that Plaintiff would not be afforded leave to amend his Petition to state a viable claim against the Marymans. See Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. CV 13-4689 AG (ANx), 2013 WL 12144106, at *2 (C.D. Cal. Aug. 19, 2013) (remanding action where plaintiff would be afforded leave to amend its complaint to cure the purported deficiency).

Thus, Removing Defendants have therefore failed to meet their heavy burden of persuasion to establish that the Marymans are fraudulently joined, and the Court will not ignore their citizenship for purposes of evaluating whether diversity jurisdiction exists. Because Plaintiff and the Marymans are not diverse, the Court concludes that Removing Defendants have not established that the Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1332.

For all the foregoing reasons, Removing Defendants have failed to meet their burden of demonstrating the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. 17STPB02593, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.